# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RHONDA G. KINCAID, ) | |
|           Plaintiff, ) | |
| v. ) | |
| ) | |
| CAROLYN COLVIN, Acting ) | Case No. 4:16-00684-CV-RK |
| Commissioner of Social Security[1]; ) | |
| ) | |
|           Defendant. ) | |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED.**

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however for consistency purposes, the case style in this legal action remains as originally filed.

heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine and cervical spine; and obesity. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) except she could only occasionally stoop. The ALJ found that Plaintiff was able to perform past relevant work as a service manager and that Plaintiff was able to perform other jobs that existed in significant numbers in the national economy.

On appeal, the issues raised by Plaintiff in support of reversing the ALJ's decision are: (1) whether the ALJ's RFC is legally flawed if the ALJ failed to assess it on a function-by-function basis; (2) whether the ALJ properly weighed the medical opinion evidence in the record;

(3) whether substantial evidence supports the ALJ's RFC determination; (4) whether the ALJ erred in determining that Plaintiff could perform past relevant work as a service manager;[2] and (5) whether the ALJ erred in utilizing the Medical-Vocational Guidelines (the "Guidelines") in determining that Plaintiff could perform jobs that exist in significant numbers in the national economy.[3]

The Court finds that the ALJ appropriately weighed medical opinions, along with other relevant evidence in the record, and properly formulated Plaintiff's RFC. With respect to the first issue, an ALJ who specifically addresses the functional areas in which she found a limitation and is silent as to areas in which no limitation is found is believed to have implicitly found no

---

[2] Defendant concedes this error but argues that it is harmless because the ALJ found Plaintiff capable of performing other work. The Court agrees.

[3] The ALJ's use of the Guidelines was appropriate. *See Ashby v. Astrue*, 2010 U.S. Dist. LEXIS 69115, at *21-22 (E.D. Mo. May 10, 2010) (finding the use of the Guidelines appropriate where plaintiff could perform light work with nonexertional limitations, including stooping, because the nonexertional limitations did not erode the occupational base or the number of occupations that an individual has the RFC to perform considering his or her limitations); *see also Williams v. Colvin*, 2013 U.S. Dist. LEXIS 131808, at *31 (E.D. Mo. Sep. 16, 2013).

limitation in the latter. *Brown v. Astrue*, 2010 U.S. Dist. LEXIS 20576, *69 (E.D. Mo. Feb. 17, 2010) (citing *Depover v. Barnhart*, 349 F.3d 563, 567-68 (8th Cir. 2003). As to the second issue, review of the record shows the ALJ properly found that the opinions of Drs. Siraguso, McFadden, and Ferguson lacked credibility as to claimant's functioning remaining consistent during the four and a half years before her insured status expired at end of March 2010 (September 10, 2005 through March 31, 2010) and continuing through 2013 when these chiropractors completed their function questionnaires.[4] Finally, as to the third issue, although an RFC must be supported by "some medical evidence" that addresses a plaintiff's "ability to function in the workplace," an ALJ "may satisfy this obligation by considering a professional's treatment notes, even if that professional did not provide a formal opinion on the record." *Seitz v. Colvin*, 2016 U.S. Dist. LEXIS 92707, at *16 (W.D. Mo. July 18, 2016) (citations omitted). Here, the RFC is supported by "some medical evidence" including, for example, progress notes from physical therapy in 2006 indicating that Plaintiff "has been able to work full time without pain and without any functional limitations." (Tr. 341.) Thus, the Court finds that the ALJ properly assessed Plaintiff's RFC based on all relevant evidence and that the RFC is supported by substantial evidence.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision that Plaintiff was not disabled. Accordingly, IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED**.

                                          s/ Roseann A. Ketchmark
                                          ROSEANN A. KETCHMARK, JUDGE
                                          UNITED STATES DISTRICT COURT

DATED: September 28, 2017

---

[4] Additionally, Dr. Siraguso had a periodic, not a primary, treating relationship with Plaintiff from October 2005 through November 2007, and Dr. McFadden did not have a treating relationship with the claimant during the relevant time period. The ALJ properly considered the length and frequency of treatment of Dr. Siraguso and Dr. McFadden. *Lawson v. Colvin*, 807 F.3d 962, 965 (8th Cir. 2015) (In weighing a medical opinion, "an ALJ must [] consider the length of the treatment relationship and the frequency of examinations."); *Smith v. Colvin*, 2015 U.S. Dist. LEXIS 70937, at *5 (W.D. Mo. June 2, 2015) (finding it permissible to discount a medical opinion when doctor never examined the Plaintiff during the relevant time period and only offered a retrospective opinion.) Finally, the ALJ properly discounted Dr. Ferguson's opinion as inconsistent with medical records. *See Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001).